UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
SOUTHERN DIVISION

| | |
|---|---|
| **JOSIAH CANO,**<br>Individually and on behalf<br>of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**AERONES AMERICA LLC,**<br><br>*Defendant.* | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION**<br>**PURSUANT TO FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff—Josiah Cano—brings this action individually and on behalf of all current and former hourly technicians (collectively, "Plaintiff and the Putative Collective/Class Members") who worked for Defendant—Aerones America LLC ("Aerones")—at any time from three years preceding the filing of the Original Complaint through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201—19, and the New Mexico Minimum Wage Act ("NMMWA"), N.M. STAT. §§ 50-4-19 to -36.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b), while his NMMWA claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### I.
### OVERVIEW

1. This lawsuit includes a collective action pursuant to the FLSA to recover overtime

wages and a Federal Rule of Civil Procedure 23(b)(3) class action pursuant to the state law of New Mexico to recover unpaid wages, overtime wages, and other applicable penalties.

2. Plaintiff and the Putative Collective/Class Members are those current and former hourly technicians who worked for Aerones, at any time from June 26, 2022, through the final disposition of this matter.

3. Plaintiff and the Putative Collective/Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

4. Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5. The decision by Aerones to not pay the correct amount of overtime compensation to Plaintiff and the Putative Collective/Class Members was neither reasonable nor in good faith.

6. Aerones knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or the NMMWA.

8. Plaintiff and the Putative Collective/Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under the NMMWA as a class action pursuant to FED. R. CIV. P. 23.

9. Plaintiff prays that all similarly situated hourly employees (Putative Collective/Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23/New Mexico Class is certified as defined herein, and that Plaintiff Cano be designated as the Class Representative.

## II.
## THE PARTIES

11. Plaintiff Josiah Cano ("Cano") worked for Aerones within the relevant time period. Plaintiff Cano did not receive the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The Putative Collective Members include those current and former hourly technicians who worked for Aerones, in New Mexico, at any time since January 9, 2023, and have been subjected to the same illegal pay system under which Plaintiff Cano worked and was paid.

13. The New Mexico Class Members include those current and former hourly technicians who worked for Aerones, in New Mexico, at any time since January 9, 2023, and have been subjected to the same illegal pay system under which Plaintiff Cano worked and was paid.

14. Defendant Aerones America LLC ("Aerones") is a foreign limited liability company, that is not registered to do business in the State of New Mexico, but may be served under Federal Rule of Civil Procedure 4(k)(1)(A) and New Mexico's long arm statute, N.M. Stat. Ann. § 38-1-16 through its registered agent for service of process: **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.**

## III.
## JURISDICTION & VENUE

15. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201—19.

---

[1] The written consent of Josiah Cano is attached hereto as Exhibit A.

16. This Court has supplemental jurisdiction over the additional New Mexico state law claims under 29 U.S.C. § 1367.

17. This Court has specific personal jurisdiction over Aerones because Plaintiff's claim arose in this District as a result of Aerones' conduct within this District and Division.

18. Venue is proper pursuant to 28 U.S.C. § 1391 in the District of New Mexico because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, Aerones has maintained a working presence in New Mexico, and Plaintiff Cano worked in Corona, New Mexico, throughout his employment with Aerones, all of which is located in this District and Division.

## IV.
## ADDITIONAL FACTS

20. Aerones is a wind turbine service company operating throughout the Northern Europe and the United States.[2]

**Plaintiff and the Putative Collective/Class Members are Non-Exempt Hourly Technicians**

21. To provide their services, Aerones employed numerous hourly technicians who were paid by the hour—including Plaintiff and the individuals that make up the putative or potential class.

22. While exact job titles may differ, these workers were subjected to the same or similar illegal pay practices for similar work in the oilfield.

23. Plaintiff Cano worked for Aerones in New Mexico, Texas, and Wyoming from approximately June 20, 2025 until December 12, 2025.

---

[2] https://aerones.com/about/.

24. Plaintiff and the Putative Collective/Class Members' primary job duties included repairing and maintaining wind turbines.

25. Although Plaintiff and the Putative Collective/Class Members regularly worked forty (40) hours each workweek, Aerones failed to pay them overtime compensation for each hour worked in excess of forty (40).

26. Specifically, Aerones paid *some* overtime for hours worked in excess of forty (40), but did not pay overtime for each hour worked over forty (40) each workweek.

27. For the two week pay period of November 2, 2025, to November 21, 2025, Plaintiff Cano worked 149 hours.

28. For that two week pay period, Aerones paid Plaintiff for only 21 hours of overtime.

29. In that two week pay period, Aerones paid Plaintiff 128 hours of straight time.

30. The maximum number of straight time hours for the two week pay period however could not have exceeded eighty (80) hours (40 for each week)—thus Plaintiff Cano should have been paid overtime for sixty-nine (69) hours during that two week pay period.

31. Aerones treats the Putative Collective/Class Members similarly to Plaintiff Cano and likewise only pays overtime compensation for some—but not all—of their hours worked that were in excess of forty (40) each workweek.

32. Aerones denied Plaintiff and the Putative Collective/Class Members the correct amount of overtime pay as a result of a company-wide, illegal pay practice.

33. Accordingly, Plaintiff and the Putative Collective/Class Members have not been properly compensated for all hours worked each week, including all hours worked in excess of forty (40) in a workweek at the rates required by the FLSA and NMMWA.

34. Aerones were (and continue to be) aware of their obligation to pay overtime for all hours worked in excess of forty (40) each week at the rates required by the FLSA and NMMWA but have failed to do so.

35. Because Aerones did not pay Plaintiff and the Putative Collective/Class Members overtime at the proper rate for all hours worked in excess of forty (40) each week, Aerones violated (and continue to violate) the FLSA and NMMWA.

# V.
# CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A.   FLSA COVERAGE**

36. All previous paragraphs are incorporated as though fully set forth herein.

37. The "FLSA Collective" and "FLSA Collective Members" are defined as:

**ALL HOURLY TECHNICIANS WHO WORKED FOR AERONES AMERICA LLC, AT ANY TIME FROM JANUARY 9, 2023, THROUGH THE FINAL DISPOSITION OF THIS MATTER.**

38. At all material times, Aerones has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

39. At all material times, Aerones has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

40. At all material times, Aerones has been enterprises engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had, and have, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and

have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

41. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Aerones, these individuals provided services for Aerones that involved interstate commerce for purposes of the FLSA.

42. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

43. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees who worked for Aerones and were engaged in wind turbine services industry that were directly essential to the production of goods for Aerones and related wind turbine companies. 29 U.S.C. § 203(j).

44. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

45. In violating the FLSA, Aerones acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

46. The proposed collective of similarly situated employees—that is, putative collective members—sought to be certified pursuant to 29 U.S.C. § 216(b) is defined in Paragraph 37.

47. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Aerones.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

48. All previous paragraphs are incorporated as though fully set forth herein.

49. Aerones violated provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by

employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

50. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Aerones' acts or omissions as described herein; though Aerones are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

51. Moreover, Aerones knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

52. Aerones knew or should have known their pay practices were in violation of the FLSA.

53. Aerones are sophisticated parties and employers and therefore knew (or should have known) their policies were in violation of the FLSA.

54. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Aerones to pay overtime in accordance with the law.

55. The decision and practice by Aerones to not pay overtime was neither reasonable nor in good faith.

56. Accordingly, Plaintiff and the Putative Collective Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.     FLSA COLLECTIVE ACTION ALLEGATIONS**

57. All previous paragraphs are incorporated as though fully set forth herein.

58. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff Lyles.

59. Other similarly situated employees have been victimized by Aerones' patterns, practices, and policies, which are in willful violation of the FLSA.

60. The FLSA Collective Members are defined in Paragraph 37.

61. Aerones' failure to pay the proper amount of overtime compensation results from generally applicable policies and practices and does not depend on the personal circumstances of the individual FLSA Collective Members.

62. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

63. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

64. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

65. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

66. Indeed, the FLSA Collective Members are blue-collar workers entitled to the proper amount of overtime after forty (40) hours in a week.

67. Aerones have employed a substantial number of similarly situated hourly employees since January 9, 2023.

68. These workers are geographically dispersed, residing and working in locations across the United States.

69. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

70. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Aerones will retain the proceeds of their rampant violations.

71. Moreover, individual litigation would be unduly burdensome to the judicial system.

72. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

73. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 37 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the NMMWA)

**A.    NMMWA COVERAGE**

74. All previous paragraphs are incorporated as though fully set forth herein.

75. The "New Mexico Class" and "New Mexico Class Members" are defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR AERONES AMERICA LLC, IN NEW MEXICO, AT ANY TIME FROM JANUARY 9, 2023, THROUGH THE FINAL DISPOSITION OF THIS MATTER.**

76. At all material times, Aerones has been an employer within the meaning of the NMMWA.

77. At all material times, Plaintiff Cano and the New Mexico Class Members have been employees within the meaning of the NMMWA.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE NMMWA**

78. All previous paragraphs are incorporated as though fully set forth herein.

79. The NMMWA requires that employees receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

80. Plaintiff Cano and the New Mexico Class Members have not been exempt from receiving overtime benefits under the NMMWA.

81. Plaintiff Cano and the New Mexico Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Aerones violated the NMMWA by failing to pay Plaintiff Cano and the New Mexico Class Members the proper amount of overtime for all hours worked over forty (40) per week.

82. Plaintiff Cano and the New Mexico Class Members have suffered damages and continue to suffer damages as a result of Aerones' acts or omissions as described herein; though Aerones are in possession and control of necessary documents and information from which Plaintiff Cano and the New Mexico Class Members would be able to precisely calculate damages.

83. In violating the NMMWA, Aerones acted willfully, without a good faith basis and with reckless disregard of clearly applicable New Mexico law.

84. The proposed class of employees—that is, putative class members sought to be certified—pursuant to the NMMWA is defined in Paragraph 75.

85. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Aerones.

C. **NMMWA CLASS ALLEGATIONS**

86. Plaintiff Cano brings his NMMWA claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Aerones to work in New Mexico since January 9, 2023.

87. Class action treatment of Plaintiff Cano's NMMWA claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

88. The number of New Mexico Class Members is so numerous that joinder of all class members is impracticable.

89. Plaintiff Cano's NMMWA claims share common questions of law and fact with the claims of the New Mexico Class Members.

90. Plaintiff NMMWA is a member of the New Mexico Class, his claims are typical of the claims of the New Mexico Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the New Mexico Class Members.

91. Plaintiff Cano and his counsel will fairly and adequately represent the New Mexico Class Members and their interests.

92. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

93. Accordingly, the New Mexico Class should be certified as in Paragraph 75.

## VI.
## RELIEF SOUGHT

94. Plaintiff Cano respectfully prays for judgment against Aerones as follows:

    a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 37 and requiring Aerones to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

    b. For an Order certifying the NMMWA Class as defined in Paragraph 75, and designating Plaintiff Cano as Representative of the NMMWA Class;

    c. For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

        d.        For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

        e.        For an Order pursuant to Section 16(b) of the FLSA finding Aerones liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

        f.        For an Order pursuant to the NMMWA awarding Plaintiff and the New Mexico Class Members unpaid overtime and other damages allowed by law;

        g.        For an Order awarding the costs and expenses of this action;

        h.        For an Order awarding attorneys' fees;

        i.        For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

        j.        For an Order awarding the Plaintiff a service award as permitted by law;

        k.        For an Order compelling the accounting of the books and records of Aerones, at Aerones' own expense, should discovery prove inadequate; and

        l.        For an Order granting all other proper relief.

Date:   January 9, 2026                                  Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:   /s/ *Clif Alexander*
**Clif Alexander**
New Mexico Bar No. 20-178
clif@a2xlaw.com
**Austin W. Anderson**
New Mexico Bar No. 20-168
austin@a2xlaw.com
**Lauren E. Braddy**
New Mexico Bar No. 20-194
lauren@a2xlaw.com
101 N. Shoreline Blvd, Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Counsel for Plaintiff and the Putative Collective/Class Members*